## YOUNG v. DYER et al.

No. 20063. Opinion Filed June 2, 1931.

Sigler & Jackson, for plaintiff in error.

Russell B. Brown, for defendants in error.

CLARK, V. C. J. This cause presents error from the district court of Carter county, wherein plaintiff in error was plaintiff, and defendants in error were defendants. Plaintiff brought this action in the district court of Carter county for a mandatory injunction. The action was originally brought by J. F. Young, Mrs. Scivally, E. Dunlap, Chas. D. Carter, and Mrs. Head. All plaintiffs except J. F. Young dismissed their cause of action in the lower court.

Plaintiff, J. F. Young, alleged that he purchased lot 8 in block 83 in the Ardmore cemetery, belonging to the city of Ardmore. That block 107 is directly east of block 83. That there is a street running between said blocks, and between said lots, and that sometime within the last year said Kirk Dyer, as manager of the city of Ardmore, permitted the defendants C. C. Jones and W. C. DeWitt to enter upon said street and block and close the same, and thereby cut off all access this plaintiff has to said lot; that said lots were used for burial purposes, in which the relatives of the plaintiffs that:

have heretofore died have been buried, and in which they intend to be buried themselves, and to bury their relatives and members of their families who die in the future.

Plaintiff prays that upon a hearing the court make an order directing and requiring defendants to vacate said street and remove all obstacles placed therein, including the graves dug in said street, and that he have such other and further relief as he may in the judgment of the court be entitled.

Defendants answered and filed a general denial in which defendants and each of them denied that the plaintiffs or any of them were in any way injured by the acts complained of in said petition. Defendants would show that, on the contrary, the property of the plaintiffs has free and open access to the streets and passageways of said cemetery, both to and from said lots, and that any action on the part of the defendants or either of them has not interfered with the use of the property by the plaintiffs or with any of the privileges to which the plaintiffs are entitled.

The cause came on for hearing before the district court, and judgment was entered for defendants. Plaintiff has brought the cause here for review.

A plat was introduced showing the street complained of, which was a street running north and south with the south end closed except for a passageway between plaintiff's lot and the lots of C. D. Carter. The Carter lot appears at the end of the street. The city manager or city authorities had closed the street and sold the same for a burial ground, and at least two persons had been buried in the former street.

Plaintiff in error contends that the court erred in entering judgment for the defendants and against plaintiff. This being an equity case, the judgment of the trial court will be affirmed unless it is clearly against the weight of the evidence.

The evidence discloses that at the time plaintiff purchased the lot this street was shown on the plat; however, the street was not an open passageway for the reason that the south end was practically closed by a lot that had been platted and sold.

The evidence further discloses that plaintiff had means of ingress and egress to his lot, and there was no testimony disclosing that the closing of the street in any way interfered with the use of his lot or deprived him of any right necessary for the proper burial of his relatives.

Section 4312, C. O. S. 1921, provides, after providing how the mayor or president of the board or city officers shall sell and convey lots for the purpose of interment by issuing certificate of title, "and such certificate shall vest in the purchaser and his heirs a right in fee simple to such lot or lots, for the sole purpose of interment, under the regulations of the council or town board or board of cemetery trustees." This gives the plaintiff the right to his lots for the purpose of interment only. It did not vest in him any interest or right in the unused street. However, if the evidence had shown that the closing of this street had in any way interfered with his right and use of his lot for interment purposes, it might present a different question.

Under the records before us, we cannot say that the court erred in denying the request of plaintiff. The record fails to disclose that plaintiff's rights of interment have been limited or that plaintiff has been deprived of the use of his lot by acts of the defendant.

Judgment of the trial court is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.